JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas where the Court dismissed a drug abuse charge against appellee Mildred Gill ("Gill"). The court found that the state failed to comply with the requirements of R.C. 2941.401 by not bringing the accused, an incarcerated inmate, to trial within 180 days. For the reasons set forth below, we affirm the decision of the trial court dismissing the case on speedy trial grounds.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} On May 2, 2002, Gill was sentenced to a term of incarceration of nine months for drug abuse in case number CR-391437. On May 30, 2002, Gill was indicted in a separate action in case No. CR-423601 for one count of drug abuse in violation of R.C. 2925.11.
 {¶ 4} On June 27, 2002, a notice of detainer for the new offense was sent to the warden at the prison where Gill was serving her sentence. That same day Gill signed a notice of availability and a demand for final disposition on the untried indictment and forwarded two copies to the warden.
 {¶ 5} On July 9, 2002, the Cuyahoga County Prosecutor's Office received Gill's notice. Due to an error by the warden's office, the second copy, intended for the Cuyahoga County Clerk of Court's Office, was also sent to the county prosecutor's office. The Clerk of Courts of Cuyahoga County never received a copy of Gill's notice.
 {¶ 6} On February 20, 2003, Gill filed a motion to dismiss for failure to prosecute the case within 180 days. Gill's motion was granted. The State of Ohio appeals from the granting of Gill's motion and advances one assignment of error.
 {¶ 7} "Assignment of error no. I: The trial court erred in dismissing the case when appellee had not followed the requisite steps to request a speedy disposition."
 {¶ 8} In considering the propriety of granting Gill's motion to dismiss, "we must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case." State v. Williams (1994),94 Ohio App.3d 538.
 {¶ 9} R.C. 2941.401, Ohio's speedy trial statute for inmates, provides:
"When a person has entered upon a term of imprisonment in acorrectional institution of this state, and when during thecontinuance of the term of imprisonment there is pending in thisstate any untried indictment, information, or complaint againstthe prisoner, he shall be brought to trial within one hundredeighty days after he causes to be delivered to the prosecutingattorney and the appropriate court in which the matter ispending, written notice of the place of his imprisonment and arequest for a final disposition to be made of the matter, exceptthat for good cause shown in open court, with the prisoner or hiscounsel present, the court may grant any necessary or reasonablecontinuance. The request of the prisoner shall be accompanied bya certificate of the warden or superintendent having custody ofthe prisoner, stating the term of commitment under which theprisoner is being held, the time served and remaining to beserved on the sentence, the amount of good time earned, the timeof parole eligibility of the prisoner, and any decisions of theadult parole authority relating to the prisoner.
 "The written notice and request for final disposition shall begiven or sent by the prisoner to the warden or superintendenthaving custody of him, who shall promptly forward it with thecertificate to the appropriate prosecuting attorney and court byregistered or certified mail, return receipt requested.
 "The warden or superintendent having custody of the prisonershall promptly inform him in writing of the source and contentsof any untried indictment, information, or complaint against him,concerning which the warden or superintendent has knowledge, andof his right to make a request for final disposition thereof.
 "Escape from custody by the prisoner, subsequent to hisexecution of the request for final disposition, voids therequest.
 "If the action is not brought to trial within the timeprovided, subject to continuance allowed pursuant to thissection, no court any longer has jurisdiction thereof, theindictment, information, or complaint is void, and the courtshall enter an order dismissing the action with prejudice.
 "This section does not apply to any person adjudged to bementally ill or who is under sentence of life imprisonment ordeath, or to any prisoner under sentence of death."
 {¶ 10} An inmate's "notification of availability and request for final disposition" can take several forms, depending on the circumstances of the inmate. Inmates are sometimes in halfway houses or municipal jail facilities where a warden or superintendent may or may not be present as contemplated in R.C.2941.401. At times, inmates take it upon themselves to notify the court and prosecutor directly, outside the prescribed method in R.C. 2941.401. See State v. Drowell (1991),61 Ohio Misc.2d 623.[1] Even where the prescribed method is used, variations in notification still occur. See State v. Fox (Oct. 22, 1992), Cuyahoga App. No. 63100 and State v. Fox (Dec. 17, 1998), Cuyahoga App. No. 74641.[2]
 {¶ 11} It is undisputed that Gill's notice and the copy that was intended to be delivered to the court were both delivered to the county prosecutor. The common pleas court and the county clerk of courts never received a copy of the notice. The state argues that the failed delivery of Gill's notice to the court, in accordance with the wording in the first paragraph of R.C.2941.401, results in Gill's speedy trial time never starting to run. Gill counters that she "substantially complied" with the statute, and it was the warden's mistake, not hers, that resulted in the court not being served and she should not suffer the effect of that mistake. Gill argues that her proper delivery of the notices to the warden is sufficient to trigger the running of her speedy trial time.
 {¶ 12} We decline to adopt Gill's "substantial compliance" reasoning to these facts and instead rely on a plain reading of R.C. 2941.401, which we believe controls the resolution of this case. The state relies on the holding of a nearly identical fact scenario in State v. McGowan (June 21, 2000), Summit App. No. 19989. The McGowan view holds that the speedy trial time does not begin to run under R.C. 2941.401 until both the prosecutor and the court are served with written notice from the defendant, irrespective of what the defendant sent the warden. Id. We expressly decline to follow the holding in McGowan because we believe it was improperly decided.
 {¶ 13} McGowan is based on State v. Turner (1982),4 Ohio App.3d 305, a case with facts easily distinguished from the facts in the McGowan decision. In Turner, unlike McGowan, an inmate from Summit County, wanted on Medina County charges, never petitioned anyone — not the warden, the prosecutor or the trial court — for a resolution of an unresolved case. Turner, supra. In this instance, it is uncontested that Gill forwarded the documents to the warden as required. Using Turner as a justification for the McGowan standard where the inmate acts but the error of the warden is imputed to the inmate, is not logical in light of the specific language of R.C. 2941.401.
 {¶ 14} The prosecutor ends the analysis of R.C. 2941.401
after the first paragraph, focusing only on the section that states the inmate must cause the notice to be delivered to "* * * the prosecuting attorney and the appropriate court in which the matter is pending." Had the Ohio legislature stopped there, the prosecutor's analysis and the reliance on McGowan would be appropriate. However, the Ohio legislature went on to expressly state exactly what the inmate was required to do and then outlined the further responsibility of the warden or superintendent. The facts here are silent on what happened to the return receipt of the certified mail sent back to the institution. Nevertheless, contrary to the prosecutor's position at oral argument, the statute places no duty on the inmate to follow up on the return receipt of the certified mail. In fact, the statute places the burden for use of certified mail directly on the warden or superintendent and not on the inmate.
 {¶ 15} While we agree with the prosecutor's perspective that it is unwise to have a prison warden serve as a defacto postmaster general for matters as important as untried indictments, nevertheless, this is exactly the scenario that the Ohio legislature has created.
 {¶ 16} Where an inmate makes an application under R.C.2941.401, strict compliance by the inmate with the notice and information requirements in the statute are necessary in order for the inmate to take advantage of the subsequent burden placed on the warden and hence the state. If an inmate providessatisfactory notice and request for disposition, using the procedure under R.C. 2941.401, the statute makes clear what the inmate and warden must do:
"* * * written notice of the place of his imprisonment and arequest for a final disposition * * *
 "The written notice and request for final disposition shall begiven or sent by the prisoner to the warden or superintendenthaving custody of him, who shall promptly forward it with thecertificate to the appropriate prosecuting attorney and court byregistered or certified mail, return receipt requested."
 {¶ 17} This language does not mean the inmate must personally insure the delivery of the documents to both the appropriate court and prosecutor, an unlikely task for a jailed inmate. Rather, the inmate must properly complete and forward all necessary information and documents to the warden for processing as prescribed by the statute. Where the inmate forwards incomplete, inaccurate, misleading or erroneous information, any subsequent errors by the warden or superintendent will be imputed to the inmate. Where, however, as here, the evidence is that the inmate fully complied with the statutory requirements of R.C.2941.401, by including all the proper information, the error cannot be imputed to the inmate.
 {¶ 18} This logic is drawn from the decision of State v.Drowell (1991), 61 Ohio Misc.2d 623, where the inmate, on his own, did actually serve both the prosecutor and the court, but the warden never forwarded the appropriate certificate. The court held: "* * * the failure of the warden of the institution having custody of defendant to forward the appropriate certificate when defendant filed the subject request is not grounds to deny said motion." Id. (concluding an official's failure to send the certificate of inmate status should not vitiate an inmate's right to a speedy trial once requested, citing State v. Ferguson
[1987], 41 Ohio App.3d 306, 311).
 {¶ 19} The Ferguson decision referenced the Supreme Court of Ohio ruling in Daugherty v. Solicitor for Highland Cty.
(1971), 25 Ohio St.2d 192, where the court held that a federal penitentiary inmate's letters to the appropriate Ohio prosecutor and judge requesting either a trial or dismissal of an Ohio charge, although informal, constituted a general request for a speedy trial. The court stated that "[w]here an inmate in a penal institution has made a diligent, good-faith effort to call to the attention of the proper authorities in another state that he desires a charge pending against him in that state disposed of, by trial or dismissal, he is entitled to have such request acted upon. The failure of the authorities to do so constitutes the denial of a speedy trial." Daugherty, 25 Ohio St.2d at 193.
 {¶ 20} We recognize that in Drowell and Daugherty both the prosecutor and court were actually served, albeit with some variations, unlike the present case. Nevertheless, in Ferguson, an interstate detainer case where prison authorities sent the notice to the police department rather than the prosecutor's office, the error was not imputed to the inmate. Ferguson,41 Ohio App.3d 306.
 {¶ 21} In light of the above analysis, it is still necessary to address Gill's assertion that the "substantial compliance" standard applies to this case. Gill cites to State v. Fox (Oct. 22, 1992), Cuyahoga App. No. 63100 (see, also, State v. Fox
[Dec. 17, 1998] Cuyahoga App. No. 74641), for the proposition that "substantial compliance" with R.C. 2941.401 is sufficient to begin the running of her speedy trial time.
 {¶ 22} Although the phrase "substantial compliance" is used in Fox, no analysis of the phrase is evident in the opinion and the case was resolved on other grounds without a discussion of its meaning. Further, the reference in Fox to "substantial compliance" does not indicate what degree of compliance qualifies as "substantial," nor under what circumstances a "substantial compliance" standard should apply.
 {¶ 23} The origin of the term "substantial compliance," as it relates to R.C. 2941.401, is derived from State v. Drowell,
citing State v. Ferguson, 41 Ohio App.3d 306 (a case dealing with interstate detainer agreements). Generally, the issue of "substantial compliance" comes into play where the inmate, or counsel for the inmate, acts on their own as opposed to using the procedures outlined in R.C. 2941.401. Nevertheless, in State v.Doane (July 9, 1992), Cuyahoga App. No. 60097, this court applied the standard in a case where the inmate did utilize the procedure in R.C. 2941.401. In Doane, the defendant complied with R.C. 2941.401 by forwarding the proper documents and information to the warden, who then sent notice to the Cuyahoga County Clerk of Courts, the Lakewood Police Department and to themunicipal prosecuting attorney. Id. Substantial compliance was applied and found, because "[a]though no indictment had been returned until after the receipt of the notice, there were charges pending against the appellant." Id. Thus, the perceived error by the warden in filing felony papers with a municipal court and not the "appropriate court" was not found because charges at the municipal level were still pending.
 {¶ 24} We therefore view the "substantial compliance" analysis as the evaluation necessary in those instances where documents actually reach a location, regardless if mailed by the inmate or institution, and a determination is required to see if they satisfy the statutory requirements.
 {¶ 25} Since Gill specifically followed the prescribed process in paragraph two of R.C. 2941.401, no analysis based on "substantial compliance" is necessary or appropriate. Clearly the documents did not reach the appropriate court, so technically there was nothing to evaluate under the "substantial compliance" doctrine. Once the inmate strictly complies with the requirements of R.C. 2941.401, the failure of the warden or superintendent cannot be attributed to the inmate.
 {¶ 26} Since the only evidence before us is that the inmate strictly complied with the above statutory requirements and she was not brought to trial within 180 days, the dismissal of the action by the trial court was proper. R.C. 2941.401 is clear and provides in part:
"If the action is not brought to trial within the timeprovided, subject to a continuance allowed pursuant to thissection, no court any longer has jurisdiction thereof, theindictment, information or complaint is void, and the court shallenter an order dismissing the action with prejudice."
 {¶ 27} For the above reasons, we affirm the decision of the trial court.
Judgment affirmed.
Sweeney, P.J., and McMonagle, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] In Drowell, the accused was in a state facility with a warden, yet filed a motion pro se in the appropriate county clerk's office, with service to the prosecutor's office, requesting disposition of any outstanding warrants and/or indictments pursuant to R.C. 2941.401.
[2] In Fox, the warden forwarded the court papers for a felony charge to a municipal court rather than the county court prior to the charge being bound over to the felony court. The municipal court then failed to forward the papers on to the county court.