JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant Jason Antos (appellant) appeals the Parma Municipal Court's denial of his motion to dismiss based on a violation of his right to a speedy trial. After reviewing the facts of the case and pertinent law, we reverse.
 I. {¶ 3} On March 26, 2005, appellant was charged with operating a vehicle under the influence (OVI) in violation of R.C. 4511.09(A)(1)(a). On March 31, 2005, appellant pled not guilty and waived his right to a speedy trial. On May 11, 2005, appellant revoked his previous waiver of his right to a speedy trial and demanded a trial. A trial was scheduled for May 23, 2005; however, on that same day, appellant began serving a ten-month federal prison sentence in an unrelated case. As appellant did not appear for the OVI trial, the municipal court issued a warrant for h is arrest. On June 27, 2005, appellant filed what he captioned as "Demand for Trial Pursuant to R.C. 2941.401 " with the Parma Municipal Court, and sent a service copy to the City of Seven Hills' prosecutor's office. Appellant's letter notified the court of the location of his imprisonment and requested final disposition of the OVI charge pursuant to R.C. 2941.401. The letter is stamped and signed by a "correctional treatment specialist" from the federal prison. Attached to the letter is the nine-page amended criminal judgment from the United States District Court that ordered appellant to serve the ten-month sentence in federal prison.
 {¶ 4} On January 30, 2006, appellant filed a motion to dismiss the OVI charge in municipal court, alleging that he complied with R.C. 2941.401
and that the City of Seven Hills failed to bring him to trial within 180 days of June 27, 2005; therefore, the court must enter an order dismissing the action with prejudice. On January 31, 2006, the court denied appellant's motion to dismiss, stating the following: "The document filed by defendant purported to be a `Demand for Trial' * * * fails to meet the requirements set forth in R.C. 2941.401."
 {¶ 5} On March 27, 2006, after appellant was released from federal prison, he pled no contest to the OVI charge in municipal court and was sentenced to three days in jail and six months of probation. On April 25, 2006, appellant appealed the municipal court's denial of his motion to dismiss. The City of Seven Hills did not file a brief in response to this appeal.
 II. {¶ 6} In his sole assignment of error, appellant argues that "the trial court erred when it denied appellant's motion to dismiss." Specifically, appellant argues that he substantially complied with the notice and information requirements of R.C. 2941.401, and that after doing so, the burden shifted to the City of Seven Hills to bring him to trial within 180 days. Appellant further argues that because the government failed to meet its burden, the municipal court was required to dismiss the OVI charge against him.
 {¶ 7} R.C. 2941.401 governs the speedy trial rights of an imprisoned defendant, and it reads, in pertinent part,
 "When a person has entered upon a term of imprisonment in a correctional institution of this state, and * * * there is pending in this state any untried indictment * * * against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court * * * written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 * * *
 "If the action is not brought to trial within the time provided * * * no court any longer has jurisdiction thereof, the indictment * * * is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 8} The Ohio Supreme Court has held that, pursuant to R.C. 2941.401, the initial duty is placed on the defendant to notify the prosecutor and the court of his place of incarceration and to request final disposition of outstanding charges. State v. Hairston, 101 Ohio St.3d 308,2004-Ohio-969. "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." Id. at 311.
 {¶ 9} In the instant case, appellant sent a letter to the appropriate prosecutor's office and court, notifying them of his location of imprisonment and demanding a final disposition. This letter was stamped and signed by prison authorities, and the federal court judgment was attached which contained the terms of his sentence, including the dates appellant was to be imprisoned. The record reflects that the court took no action on this letter. The next activity that occurred on the case was in January of 2006, when appellant initiated procedures to have his case dismissed for a violation of his right to a speedy trial. There is nothing in the record evidencing whether the prosecutor received a copy of appellant's letter; however, appellant submitted a certificate of service, and the prosecutor does not refute this.
 {¶ 10} For appellant to have strictly followed the R.C. 2941.401
requirements, he should have given his written notice to the prison authorities, who should have forwarded it to the prosecutor and court along with a certificate of inmate status. However, it is clear that, although appellant did not strictly follow that path, the required information arrived at the proper place. Appellant's notification, with the attachment, was filed in the Parma Municipal Court with a time-stamp of June 27, 2005 at 3:21 p.m. Furthermore, the June 28, 2005 Parma Municipal Court docket entry in the instant case reads as follows: "Case sent to Rm. 2 with demand for trial and demands a final dispsition [sic] of matter." It is clear that the court was made aware of appellant's intentions.
 {¶ 11} We hold that appellant's actions substantially complied with the requirements set forth in R.C. 2941.401. See State v. Gill, Cuyahoga App. No. 82742, 2004-Ohio-1245 (holding that substantial compliance is the appropriate standard under R.C. 2941.401 "in those instances where documents actually reach a location, regardless if mailed by the inmate or institution * * *"). See, also, State v. Quinones, Cuyahoga App. No. 86959, 2006-Ohio-4096 (holding that substantial compliance is the proper standard under R.C. 2963.30, the interstate agreement on detainers, which is the speedy trial statute that applies to defendants in out-of-state prisons, including federal penitentiaries).
 {¶ 12} Substantial compliance requires the defendant to do "everything that could be reasonably expected." State v. Ferguson (1987),41 Ohio App.3d 306, 311. "The key to determining when the 180-day period begins * * * is delivery upon the receiving state and its court. * * * What is important is there be documentary evidence of the date of delivery to the officials of the receiving state." State v. Pierce, Cuyahoga App. No. 79376, 2002-Ohio-652. See, also, Daugherty v. Solicitor for HighlandCounty (1971), 25 Ohio St.2d 192, 193 (holding that "[w]here an inmate in a penal institution has made a diligent, good-faith effort to call to the attention of the proper authorities in another state that he desires a charge pending against him in that state disposed of, by trial or dismissal, he is entitled to have such request acted upon. The failure of the authorities to do so constitutes the denial of a speedy trial." (Relying on Smith v. Hooey (1969), 393 U.S. 374.)
 {¶ 13} Accordingly, we find that appellant substantially complied with R.C. 2941.401, and that the court erred by denying his motion to dismiss the OVI charge against him. Appellant's sole assignment of error is sustained, and this case is reversed and final judgment is entered for appellant.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR