{¶ 63} I respectfully dissent. *Page 14 
 {¶ 64} In his first assignment of error, appellant argues that the trial court erred by failing to dismiss the secret indictment due to a 5-month delay between the return of the indictment and its service upon him. I agree.
 {¶ 65} We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. State v. Wendel (Dec. 23, 1999), 11th Dist. No. 97-G-2116, 1999 Ohio App. LEXIS 6237, at 5. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 66} R.C. 2941.401 governs the speedy trial rights of an imprisoned defendant and states in pertinent part:
 {¶ 67} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and *** there is pending in this state any untried indictment *** against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court *** written notice of the place of his imprisonment and a request for a final disposition to be made of the matter ***. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner. *Page 15 
 {¶ 68} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 69} "***
 {¶ 70} "***
 {¶ 71} "If the action is not brought to trial within the time provided *** no court any longer has jurisdiction thereof, the indictment *** is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 72} The Supreme Court of Ohio has held that, pursuant to R.C. 2941.401, the initial duty is placed on the defendant to notify the prosecutor and the court of his place of incarceration and to request final disposition of outstanding charges. State v. Hairston,101 Ohio St.3d 308, 2004-Ohio-969, at ¶ 20. "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." Id. at ¶ 25.
 {¶ 73} "`An inmate's "notification of availability and request for final disposition" can take several forms, depending on the circumstances of the inmate. Inmates are sometimes in halfway houses or municipal jail facilities where a warden or superintendent may or may not be present as contemplated in R.C. 2941.401. At times, inmates take it upon themselves to notify the court and prosecutor directly, outside the prescribed method in R.C. 2941.401. See State v. Drowell (1991), 61 Ohio Misc.2d 623 ***. Even where the prescribed method is used, variations in notification still occur. See *Page 16 State v. Fox (Oct. 22, 1992), [8th Dist.] No. 63100, 1992 Ohio App. LEXIS 5358 and State v. Fox (Dec. 17, 1998), [8th Dist.] No. 74641, 1998 Ohio App. LEXIS 6071.'" State v. Centafanti, 5th Dist. No. 2007-CA-00044, 2007-Ohio-4036, at ¶ 38, quoting State v. Gill, 8th Dist. No. 82742, 2004-Ohio-1245, at ¶ 10. (Parallel citations and footnotes omitted).
 {¶ 74} In the case at bar, for appellant to have strictly followed the R.C. 2941.401 requirements, he should have given his written notice to the prison authorities, who should have forwarded it to the prosecutor and court along with a certificate of inmate status. However, it is clear that, although appellant did not strictly follow that path, the required information arrived at the proper place.
 {¶ 75} "`While in general, the one hundred eighty day time requirement of R.C. 2941.401 does not begin to run until an inmate demands a speedy resolution of a pending charge, this is premised on the prosecutor exercising reasonable diligence in properly notifying the inmate concerning the indictment. The state cannot avoid the application of R.C. 2941.401 by neglecting to inform the custodial warden or superintendent of the source and content of an untried indictment. (State v. Carter (June 30, 1981), [10th Dist.] No. 80AP-434, 1981 Ohio App. LEXIS 14391). Equally, the state cannot rely upon the prisoner's failure to make demand for speedy disposition, but must count the time as having commenced upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition.[State v.] Fitch [(1987), 37 Ohio App.3d 159], 162. If a prosecutor has not exercised reasonable diligence in notifying an inmate of pending charges, the proper remedy is a motion to dismiss for *Page 17 
denial of a speedy trial. Id.'" Centafanti, supra, at ¶ 42, quotingState v. Rollins (Nov. 17, 1992), 10th Dist. No. 92 AP-273, 1992 Ohio App. LEXIS 5810, at 5-6.
 {¶ 76} Here, the state cites and relies upon the Supreme Court of Ohio's decision in Hairston, supra, in urging us to uphold the trial court's order denying appellant's motion to dismiss. The question on appeal in Hairston was whether R.C. 2941.401 places a duty of reasonable diligence on the state to discover the whereabouts of an incarcerated defendant against whom charges are pending. I believe the state's reliance on Hairston, however, is misplaced because the defendant in that case never caused a notice of availability to be delivered to the prosecutor or court. Thus, the defendant never triggered the process under R.C. 2941.401.
 {¶ 77} In the instant case, on the other hand, there is clear evidence the state knew the location where appellant was incarcerated. Again, appellant filed a pro se letter (i.e. notice of availability) with the Clerk of the Portage County Court of Common Pleas, and a copy was served upon the Portage County Prosecutor on December 19, 2006. Despite such service, the prosecutor continued to delay service of the indictment for two months afterward. If the indictment had been served upon appellant in a timely manner, he would have been arraigned prior to February of 2007, and he would have been represented by counsel at an earlier time. The amount of time that elapsed between the date of service (December 19, 2006) and appellant's no contest plea hearing (September 12, 2007) totaled 267 days, well beyond the 180-day time limit. As a result, appellant was prejudiced.
 {¶ 78} Accordingly, I believe that appellant substantially complied with R.C. 2941.401, and that the trial court erred by denying his motion to dismiss the charges *Page 18 
against him. See Gill, supra, at ¶ 24 (holding that substantial compliance is the appropriate standard under R.C. 2941.401 "in those instances where documents actually reach a location, regardless if mailed by the inmate or institution ***."); and Centafanti, at ¶ 43-44, 53.
 {¶ 79} This writer believes that appellant's first assignment of error is with merit which would render his second, third, and fourth assignments of error moot.
 {¶ 80} Thus, I would reverse the judgment of the trial court and enter judgment for appellant.
 {¶ 81} For the foregoing reasons, I respectfully dissent. *Page 1