[Cite as *Parma v. Zaccardelli*, 2012-Ohio-3456.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 97608

---

## CITY OF PARMA

PLAINTIFF-APPELLANT

vs.

## WILLIAM J. ZACCARDELLI

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Parma Municipal Court
Case No. 10TRC03383

**BEFORE:** Rocco, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

-i-

**ATTORNEYS FOR APPELLANT**

Timothy G. Dobeck
Law Director
BY:   John J. Spellacy
Assistant City Prosecutor
City of Parma
5555 Powers Blvd.
Parma, Ohio   44129

**ATTORNEY FOR APPELLEE**

Mark Gardner
Gardner & Kucharski
526 Superior Avenue
1130 The Leader Bulding
Cleveland, Ohio 44114

KENNETH A. ROCCO, J.:

**{¶1}** Plaintiff-appellant the city of Parma, Ohio appeals from the municipal court order that granted a motion filed by defendant-appellee William J. Zaccardelli to dismiss the case against him pursuant to R.C. 2941.401.

**{¶2}** The city presents one assignment of error; it argues that the municipal court acted improperly because Zaccardelli's failure to strictly comply with that statute's requirements excused the city from timely prosecution of its case against him. In accordance with precedent set by the Ohio Supreme Court and this court, the city's argument is rejected.

**{¶3}** The record reflects that a Parma police officer cited Zaccardelli in this case on May 18, 2010 for operating a vehicle while impaired ("OVI"), refusing to submit to a blood alcohol concentration ("BAC") test, failure to display a driver's license, and driving without use of a seatbelt in violation of, respectively, R.C. 4511.19(A)(1)(a), R.C. 4511.19(A)(2)(a), Parma Municipal Ordinances ("PMO") 335.06 and PMO 337.295. The citation ordered Zaccardelli to appear in municipal court on May 25, 2010. The officer placed Zaccardelli under arrest and jailed him.

**{¶4}** Sometime during the incident, Zaccardelli also committed a felony assault. Therefore, he was transferred to the county jail while his municipal court case was pending. The Cuyahoga County Grand Jury eventually indicted him on additional charges.

{¶5} Because of his incarceration on the county case, Zaccardelli failed to appear for his municipal court hearing. On June 10, 2010, the municipal court issued a warrant for his arrest.

{¶6} On August 4, 2010, an attorney sent a "Notice of Availability" to the municipal court on Zaccardelli's behalf. The notice set forth the municipal court case number and stated:

> Now comes the Defendant, William Zaccardelli, and hereby gives this Honorable Court notice that he is currently an inmate at Lorain Correctional Institution (Inmate #A790764), and that he is available to answer the charges in the above-captioned matter.

{¶7} The document bore proof of service of the notice on the "Parma Municipal Prosecutor."

{¶8} In response, on August 13, 2010, the prosecutor filed a motion "to deny Defendant's request for final disposition on [the] pending charges." The prosecutor argued in his supporting brief that Zaccardelli had not strictly complied with R.C. 2941.401's requirements; therefore, the municipal court should deny his "motion." That same day, a court magistrate issued a judgment entry that stated Zaccardelli's "Motion of Availability is improperly filed and is therefore overruled."

{¶9} On May 16, 2011, a new attorney filed a notice of appearance in the municipal court in Zaccardelli's case. Zaccardelli's counsel informed the court that his client had been incarcerated since the May 18, 2010 arrest. Counsel further indicated Zaccardelli had been indicted in the Cuyahoga County Court of Common Pleas in case number CR-10-537762, convicted, and sentenced to a year in prison. Because

Zaccardelli was to be released in two days, he wanted to resolve the municipal court case.

{¶10} In response to the notice, the municipal court lifted the warrant for Zaccardelli's arrest and scheduled the matter for a pretrial hearing. Defense counsel requested discovery in the case from the city prosecutor. On August 23, 2011, relying upon R.C. 2941.401, Zaccardelli filed a motion to dismiss this case.

{¶11} The municipal court scheduled the matter for a hearing. After listening to arguments from defense counsel and the city prosecutor, the municipal court dismissed the charges against Zaccardelli.

{¶12} The city appeals from the municipal court's decision with the following assignment of error for review.

**"I. The trial court erred in dismissing the criminal charges against Appellee based on an alleged speedy trial violation of R.C. 2941.401."**

{¶13} The city essentially argues that Zaccardelli did not strictly comply with the requirements set forth in R.C. 2941.401, therefore, the city had no duty to bring him to trial until he did so. Based upon previous decisions of the Ohio Supreme Court and of this court, the city's argument is, once again, rejected.

{¶14} R.C. 2941.401 states in relevant part:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he *shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is*

*pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter*, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner *shall be accompanied by a certificate of the warden* or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who *shall promptly forward it with the certificate to the appropriate prosecuting attorney and court * * *.*

The warden or superintendent having custody of the prisoner *shall promptly inform him in writing* of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and *of his right to make a request for final disposition thereof. * * *

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof*, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice. (Emphasis added.)

{¶15} In *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 20, the Ohio Supreme Court held that the statute "is not ambiguous." R.C. 2941.401 places a duty on the defendant to cause "written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition." *Id.* Clearly, Zaccardelli fulfilled this duty by means of his August 4, 2010 "Notice of Availability."

{¶16} The city, however, contends that Zaccardelli had the initial duty to send such a notice to the warden, rather than to the city and the court. The city asserts, as it did in *State v. Antos*, 8th Dist. No. 88091, 2007-Ohio-415, that it has no obligation to take action without the information contained in

the warden's certificate; the city contends *Antos* was wrongly decided. Based upon the language used by the Ohio Supreme Court, this court disagrees.

{¶17} In *State v. Dillon*, 114 Ohio St.3d 154, 2007-Ohio-3617, 870 N.E.2d 1149, the court noted the following:

> By enacting R.C. 2941.401, the General Assembly has obligated the state to notify in writing an accused person who is incarcerated of both the accused's right to demand speedy disposition of pending indictments and of the source and contents of the indictments. An inmate's awareness of a pending indictment and of his right to request trial on the pending charges does not satisfy the notification requirements of R.C. 2941.401, which requires a warden or prison superintendent to notify a prisoner "in writing of the source and contents of any untried indictment" and of his right "to make a request for final disposition thereof." Permitting a warden or superintendent to avoid complying with the duty imposed by R.C. 2941.401 would circumvent the purpose of the statute and relieve the state of its legal burden to try cases within the time constraints imposed by law. We conclude that the warden's failure to promptly inform Dillon in writing of the Delaware County indictment and his right to request trial violated R.C. 2941.401. We also conclude that the speedy-trial time calculation commenced when the warden was requested to serve the indictment on Dillon, which occurred at the latest on February 4, 2004. Because of the R.C. 2941.401 speedy-trial violation, the trial court had no further jurisdiction over this matter. We affirm the judgment of the court of appeals.

{¶18} This court finds the city's argument in this case to be similar to that presented by the warden in *Dillon* and by the appellant in *Cleveland Metroparks v. Signorelli*, 8th Dist. No. 90157, 2008-Ohio-3675. The city's argument in this case, which would require a hyper technical interpretation of R.C. 2941.401, ignores the intent of the statute. *Antos*, 8th Dist. No. 88091, 2007-Ohio-415; *State v. Floyd*, 8th Dist. No. 39929, 1979 WL 210636 (Oct. 25, 1979); *State v. Fitch*, 37 Ohio App.3d 159, 524 N.E.2d 912 (5th Dist.1987); *State v. Stowe*, 5th Dist. No. 09CAA050046, 2010-Ohio-4646, ¶ 24. As *Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 25, recognized:

In the plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term. It does not * * * allow a defendant to avoid prosecution simply because the state failed to locate him. * * *

{¶19} The record in this case demonstrates Zaccardelli complied with his statutory duty, which was to notify the city prosecutor and the court of his whereabouts and his availability for resolution of the pending charges. As in *Signorelli*, 8th Dist. No. 90157, 2008-Ohio-3675, ¶ 15, "it is clear that, although appellee did not strictly follow that path, the required information arrived at the court" and the city prosecutor's office.

{¶20} Rather than taking the appropriate action, the city instead demanded that Zaccardelli perform additional duties that, pursuant to the statute, rightly belonged, instead, with the warden of the institution in which he was incarcerated. *Id.*, ¶ 14-16; *Antos*; *Stowe*; *State v. Gill*, 8th Dist. No. 82742, 2004-Ohio-1245; *compare State v. McDuffie*, 8th Dist. No. 96721, 2011-Ohio-6436 (no evidence in record that defendant notified prosecutor's office); *State v. Ondrusek*, 9th Dist. Nos. 09CA009626 and 09CA009673, 2010-Ohio-2811, ¶12 (no evidence in record either that defendant requested disposition of pending charges or that warden was notified of pending charges). The city thus ignored its own statutory duty to resolve charges in a timely manner.

{¶21} The city's assignment of error, accordingly, is overruled.

{¶22} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR