[Cite as *State v. Jarvis*, 2023-Ohio-4229.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30610 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JORDAN JARVIS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2021-07-2307 |

DECISION AND JOURNAL ENTRY

Dated: November 22, 2023

FLAGG LANZINGER, Judge.

{¶1} Jordan Jarvis appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms in part, reverses in part, and remands the matter for further proceedings.

I.

{¶2} A grand jury indicted Mr. Jarvis on one count of aggravated possession of drugs, a second-degree felony, and one count of possession of cocaine, a fifth-degree felony. Mr. Jarvis initially pleaded not guilty but later changed his plea to guilty. The trial court accepted Mr. Jarvis's plea and sentenced him to an indefinite prison sentence under the Reagan Tokes Law. Mr. Jarvis now appeals, raising five assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT LOST JURISDICTION, BECAUSE JORDAN'S SPEEDY TRIAL RIGHTS WERE VIOLATED[.]

{¶3}     In his first assignment of error, Mr. Jarvis argues that the trial court lost jurisdiction over the matter because it violated his statutory right to a speedy trial.  For the following reasons, this Court disagrees.

{¶4}     At some point after Mr. Jarvis was indicted on the underlying charges, he became incarcerated in Wayne County based upon other charges.  The docket reflects that Mr. Jarvis submitted a "Request for Disposition" under R.C. 2941.401 to the warden on March 21, 2022, which was docketed in the underlying case on April 11, 2022.  R.C. 2941.401 states, in pertinent part:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, *he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter*, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
>
> The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
>
> The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
>
> * * *
>
> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the

indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

(Emphasis added.)

{¶5} As the Ohio Supreme Court has explained, "[i]n its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 25. To comply with R.C. 2941.401, "the inmate must properly complete and forward all necessary information and documents to the warden for processing as prescribed by the statute." *State v. Gill*, 8th Dist. Cuyahoga No. 82742, 2004-Ohio-1245, ¶ 17. The warden's duty under R.C. 2941.401 is triggered once the warden receives the inmate's written notice and request. *State v. Williams*, Slip Opinion No. 2023-Ohio-3647, ¶ 17 ("What the prisoner can do is provide the written notice and request to the warden having custody of him. That compliance with R.C. 2941.401 triggers a statutory duty of the warden.").

{¶6} The Ohio Supreme Court recently clarified that "[a] prisoner satisfies the 'causes to be delivered' requirement in R.C. 2941.401 by providing written notice of the place of his imprisonment and a request for final disposition to the warden of the institution where he is incarcerated." *Williams* at ¶ 18. "[W]hen a warden fails to act, whether intentionally, inadvertently, or otherwise, the consequences of that failure should inure to the state on whose behalf the warden acts." *Id.* at ¶ 17. On the other hand, "[w]here the inmate forwards incomplete, inaccurate, misleading or erroneous information, any subsequent errors by the warden or superintendent will be imputed to the inmate." *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶ 23, quoting *Gill* at ¶ 17. If a speedy-trial violation under R.C. 2941.401 occurs, then a trial court has no further jurisdiction over the matter. *State v. Dillon*, 114 Ohio St.3d 154,

2007-Ohio-3617, ¶ 23 ("Because of the R.C. 2941.401 speedy-trial violation, the trial court had no further jurisdiction over this matter.").

{¶7} Here, Mr. Jarvis addressed the "Request for Disposition" under R.C. 2941.401 as follows:

SUMMIT COUNTY COURT OF COMMON PLEAS
PROSECUTING ATTORNEY
209 SOUTH HIGH STREET
AKRON, OHIO 44308

{¶8} Mr. Jarvis signed and dated the bottom of his "Request for Disposition[.]" As noted, the Summit County Court of Common Pleas docket indicates that the "Request for Disposition" was docketed on April 11, 2022. The record, therefore, indicates that the warden sent Mr. Jarvis's "Request for Disposition" as addressed, that is, to the Summit County Court of Common Pleas. While Mr. Jarvis listed "PROSECUTING ATTORNEY" as part of the address to the Summit County Court of Common Pleas, there is no indication that he also addressed the "Request for Disposition" to the Summit County Prosecutor's Office, which is at a different location. There is also no indication in the record that the Summit County Prosecutor's Office received Mr. Jarvis's "Request for Disposition[.]" *Compare State v. Moore*, 3d Dist. Union No. 14-14-06, 2014-Ohio-4879, ¶ 31 (collecting cases and acknowledging that a prosecutor's actual receipt of a written request under R.C. 2941.401 cures any error that occurred during the delivery process). Mr. Jarvis's failure to address the "Request for Disposition" to the appropriate prosecuting attorney is imputed to him, not the warden. *Colon*, 2010-Ohio-2326, at ¶ 23, quoting *Gill*, 2004-Ohio-1245, at ¶ 17 ("Where the inmate forwards incomplete, inaccurate, misleading or erroneous information, any subsequent errors by the warden or superintendent will be imputed to the inmate."). As a result, the speedy-trial clock never started for purposes of R.C. 2941.401.

{¶9}   In reaching this conclusion, this Court notes that this case is distinguishable from the Ohio Supreme Court's recent decision in *Williams*.  There, the defendant "satisfied his every obligation under" R.C. 2941.401, but the warden failed to act.  *Williams*, 2023-Ohio-3647, at ¶ 16. The Ohio Supreme Court concluded that an inmate should not suffer the consequences of a warden's failure to act, and that the inmate's delivery of his written notice under R.C. 2941.401 to the warden triggers the 180-day speedy-trial clock.  *Id.* at ¶ 17-18.

{¶10}   Here, the warden did act: the warden sent Mr. Jarvis's "Request for Disposition" as it was addressed, that is, to the Summit County Court of Common Pleas.  As noted, Mr. Jarvis's failure to address the "Request for Disposition" to the appropriate prosecuting attorney is imputed to him, not the warden.  *Colon*, 2010-Ohio-2326, at ¶ 23; *Gill*, 2004-Ohio-1245, at ¶ 17.  This case, therefore, is distinguishable from *Williams*.

{¶11}   Even if Mr. Jarvis had complied with R.C. 2941.401, "a defendant waives his right to challenge a conviction on statutory speedy trial grounds pursuant to R.C. 2941.401 by entering a plea of guilty."  *State v. Fox*, 8th Dist. Cuyahoga No. 63100, 1992 WL 309353, *2 (Oct. 22, 1992); *State v. Mize*, 2d Dist. Montgomery No. 29135, 2022-Ohio-3163, ¶ 34 (collecting cases). Here, Mr. Jarvis pleaded guilty and never raised the issue of the denial of his right to a speedy trial at the trial-court level.  *Village of Montpelier* v. *Greeno*, 25 Ohio St.3d 170, 171-72 (speedy-trial issues can be waived when a defendant enters a guilty plea); *State v. Sadeghi*, 9th Dist. Wayne No. 14AP0051, 2016-Ohio-744, ¶ 12 (an appellant cannot raise the issue of the denial of a speedy trial for the first time on appeal).  Thus, even if Mr. Jarvis had complied with R.C. 2941.401, he cannot raise this issue on appeal.[1]  *Id.*  Mr. Jarvis's first assignment of error is overruled.

---

[1] In reaching this conclusion, we note that the Ohio Supreme Court has acknowledged that– while "generally a guilty plea waives a defendant's right to raise the statutory right to a speedy

ASSIGNMENT OF ERROR II

JORDAN'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED INTO.

{¶12}  In his second assignment of error, Mr. Jarvis asserts that he did not knowingly, intelligently, or voluntarily plead guilty.  This Court disagrees.

{¶13}  "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 10.  As the Ohio Supreme Court has explained:

> Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony. * * * The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea. * * * The court must make the determinations and give the warnings that Crim.R. 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Crim.R. 11(C)(2)(c) identifies. * * * While the court must strictly comply with the requirements listed in Crim.R. 11(C)(2)(c), the court need only substantially comply with the requirements listed in Crim.R. 11(C)(2)(a) and (b).

*Id.* at ¶ 11.  Crim.R. 11(C) provides the following:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

---

trial on appeal"–"[a] more colorable claim would be made if issues of ineffective counsel [and/or] involuntary plea * * * were present."  *Greeno*, 25 Ohio St.3d at 172; *id.* at fn. 5.  Mr. Jarvis has assigned as error on appeal that his trial counsel rendered ineffective assistance, and that his plea was not knowingly, intelligently, or voluntarily made.  As discussed in this Court's resolution of Mr. Jarvis's second and fourth assignments of error, however, Mr. Jarvis's arguments in this regard lack merit.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶14} In support of his assignment of error, Mr. Jarvis attempts to "incorporate[] all of his previous arguments [i.e., the arguments made in support of his first assignment of error] into this assignment of error as well." An appellant, however, "may not incorporate the arguments contained in the other assignments of error to support a different assignment of error." *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 16CA010991, 2017-Ohio-6928, ¶ 29. The remainder of Mr. Jarvis's argument reads as follows:

Here, Jordan engaged in plea negotiations with the government. Lastly, the trial court engaged in a plea colloquy with Jordan. Jordan's plea must be vacated and this case must be remanded to the trial court as his plea was not knowingly, voluntarily, and intelligently made.

(Internal record citations omitted.)

{¶15} Aside from his conclusory statement that his plea was not knowingly, voluntarily, and intelligently made, Mr. Jarvis has not explained how his plea was invalid. *See* App.R. 16(A)(7) (requiring the appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions[.]"). Notwithstanding, this Court's review of the plea colloquy indicates that the trial court complied with Crim.R. 11(C)(2). Because the trial court fully complied with the relevant provisions of Crim.R. 11(C), "the analysis of the plea ends there." *Mize*, 2022-Ohio-3163, at ¶ 36, citing *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 17. Mr. Jarvis's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO MAKE REQUIRED FINDINGS ON THE RECORD PRIOR TO SENTENCING THE APPELLANT TO SERVE CONSECUTIVE SENTENCES.

{¶16}  In his third assignment of error, Mr. Jarvis argues that the trial court failed to make the required findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences.  This Court agrees.

{¶17}  "When a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively."  *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 10, citing R.C. 2929.41(A).  Under R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences.  First the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender * * *."  R.C. 2929.14(C)(4).  Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *."  *Id.*  Third, the trial court must find at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c); *see also Gwynne* at ¶ 10.

**{¶18}** "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.  A trial court is not, however, required to explain its findings before imposing consecutive sentences.  *Id.*  "[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences[,]" but:

> a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Bonnell* at ¶ 28-29.

**{¶19}** "This Court's review of consecutive sentences involves two stages * * *." *State v. Gales*, 9th Dist. Summit No. 30532, 2023-Ohio-2753, ¶ 11, citing *Gwynne* at ¶ 25-26.  "The first step in consecutive-sentence review is to ensure that the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)." *Gwynne* at ¶ 25.  "If the trial court fails to make these findings, and that issue is properly raised on appeal, then [this Court] must hold that the order of consecutive sentences is contrary to law and either modify the sentence or vacate it and remand the case for resentencing." *Id.*  If, on the other hand, this Court determines that the trial court made the required findings under R.C. 2929.14(C)(4), then the second step is to "determine whether the record clearly and convincingly supports those findings." *Gwynne* at ¶ 26.

**{¶20}** During the sentencing hearing, the trial court stated:

> On Count 1 of the indictment, I'm going to sentence you to an actual term of two to three years in the Ohio Department of Corrections. * * * On Count 2 of the indictment, I'm going to sentence you to one year on the charge of possession of

cocaine. Those two sentences to be run consecutive with and not concurrent with each other. And in doing so, I find that a consecutive sentence is necessary to protect the public from future crime and to punish the offender and is not disproportionate to the seriousness of the offender's conduct.

In its subsequent sentencing entry, the trial court ordered that "the sentence[] imposed in Count 1 is to be served CONSECUTIVE to the sentence imposed in Count 2." The trial court then ordered the sentence imposed in this case to run concurrently to a sentence imposed in the Wayne County case.

{¶21} This Court's review of the record indicates that the trial court did not make the required findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences. While the trial court made the first and second findings regarding necessity and proportionality under R.C. 2929.14(C)(4), it did not make the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c). *Gwynne* at ¶ 25.

{¶22} The State, however, argues that the trial court's "assertion that the sentence was to run consecutively to the Wayne County case demonstrates that the Court found that consecutive sentences were necessary due to [Mr. Jarvis's] criminal history, pursuant to R.C. 2929.14(C)(4)(c)." But the trial court ran the underlying sentence concurrent with, not consecutive to, the Wayne County case. Notwithstanding, a "trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *Bonnell*, 2014-Ohio-3177, at syllabus. The trial court in this case failed to do so. As a result, the trial court's order imposing consecutive sentences is contrary to law. *Gwynne* at ¶ 25. This Court, therefore, vacates the trial court's order imposing consecutive sentences and remands the matter for resentencing so that the trial court "can properly consider R.C. 2929.14(C)(4) and make the necessary findings." *State v. Finch-Ball*, 9th Dist. Summit No. 29821,

2021-Ohio-2221, ¶ 15, quoting *State v. Callaghan*, 9th Dist. Summit No. 29431, 2021-Ohio-1047, ¶ 25; *see Gwynne* at ¶ 25. Mr. Jarvis's third assignment of error is sustained.

ASSIGNMENT OF ERROR IV

JORDAN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶23} In his fourth assignment of error, Mr. Jarvis argues that his trial counsel rendered ineffective assistance by not moving to dismiss the case based upon a violation of his right to a speedy trial. This Court disagrees.

{¶24} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Mr. Jarvis must establish: (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, Mr. Jarvis must show that there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138. If, like here, "a claim of ineffective assistance of counsel is based on counsel's failure to file a particular motion, a defendant must show that the motion had a reasonable probability of success." *State v. Boddie*, 10th Dist. Franklin No. 10AP-687, 2011-Ohio-3309, ¶ 10. "This Court need not address both prongs of *Strickland* if an appellant fails to prove either prong." *State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 27.

{¶25} In our resolution of Mr. Jarvis's first assignment, this Court concluded that Mr. Jarvis failed to comply with the requirements of R.C. 2941.401, meaning the speedy-trial clock never started for purposes of R.C. 2941.401. Thus, even if Mr. Jarvis's trial counsel had moved to dismiss the charges against him on the basis of a violation of Mr. Jarvis's right to a speedy trial, there is no reasonable probability that the trial court would have granted that motion. *See Boddie* at ¶ 10. Mr. Jarvis, therefore, cannot establish that he suffered prejudice as a result of his trial counsel's alleged deficient performance. Accordingly, Mr. Jarvis cannot establish that his trial counsel rendered ineffective assistance. *See Carter*, 2017-Ohio-8847, at ¶ 27. Mr. Jarvis's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST- AND SECOND-DEGREE QUALIFYING FELONIES VIOLATES THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶26} In his fifth assignment of error, Mr. Jarvis argues that his indefinite sentence under the Reagan Tokes Law is unconstitutional. Mr. Jarvis, however, did not raise a constitutional challenge to the Reagan Tokes Law at the trial-court level and has not argued plain error on appeal. While this Court has overruled assignments of error under the same facts (i.e., a defendant's failure to raise the constitutional issue below and failure to argue plain error on appeal), even if Mr. Jarvis had raised this issue below, the Ohio Supreme Court recently upheld the constitutionality of the Reagan Tokes Law. *See, e.g.*, *State v. Compton*, 9th Dist. Medina No. 22CA0018-M, 2022-Ohio-4324, ¶ 20 (overruling the appellant's challenge to the Reagan Tokes Law because the appellant did not raise the issue below and did not argue plain error on appeal); *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535 (upholding the constitutionality of the Reagan Tokes Law). As a result, Mr. Jarvis's fifth assignment of error is overruled.

III.

**{¶27}** Mr. Jarvis's first, second, fourth, and fifth assignments of error are overruled. Mr. Jarvis's third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to equally to both parties.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

WESLEY C. BUCHANAN and KIMBERLYN SECCURO, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.