[Cite as *State v. Payne*, 2014-Ohio-4326.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | C.A. No.    13CA010406 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREGORY PAYNE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.    12CR085489 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2014

CARR, Judge.

{¶1}    Appellant, the State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    This matter arises out of the arrest of Gregory Payne on March 26, 2011.  The sequence of events which led to Payne's arrest was triggered when a State Trooper allegedly observed Payne involved in a domestic dispute while parked on the side of I-90.  When Payne attempted to post bond, it was discovered that a detainer was in place stemming from unrelated federal charges.  On March 29, 2011, Payne was released into federal custody and transferred to the Lake County jail.  On April 7, 2011, Payne did not appear for his preliminary hearing in the Avon Lake Municipal Court and a capias was issued for his arrest.  Payne remained in federal custody in Lake County until November 26, 2011, when he was incarcerated in federal prison in Cumberland, Maryland.  Due to the fact that Payne was subsequently denied halfway house

consideration in the federal system, his attorney contacted the Avon Lake Municipal Court to address issues relating to his March 26, 2011 arrest. Defense counsel contacted the court on February 27, 2012. On July 3, 2012, Payne waived his right to a preliminary hearing and the case was bound over to the Lorain County Grand Jury.

{¶3} On August 16, 2012, the grand jury indicted Payne on one count of having weapons while under disability, one count of carrying a concealed weapon, one count of improperly handling firearms in a motor vehicle, one count of trafficking in drugs with attendant firearm and forfeiture specifications, one count of possession of drugs with a firearm specification, and one count of obstructing official business. On November 21, 2012, the State filed a writ of habeas corpus ad prosequendum in order to have Payne transferred from Maryland to Lorain County, Ohio. He was subsequently arraigned on January 25, 2013, at which time he entered a plea of not guilty to the charges in the indictment. On January 30, 2013, defense counsel filed a motion to dismiss the charges on the basis that Payne's constitutional right to a speedy trial had been violated, and that the State had engaged in pre-indictment delay. The State responded and asserted that time had been tolled for speedy trial purposes pursuant to R.C. 2945.72(A). The issue was discussed at several pretrial hearings, and the trial court held a formal hearing on the motion on April 25, 2013. The trial court subsequently issued a journal entry stating that while the case presented an unfortunate set of circumstances, it was compelled to grant the motion to dismiss because the State made no effort to bring Payne to trial within 270 days of his arrest pursuant to R.C. 2945.71(C)(2).

{¶4} On appeal, the State raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISCHARGING PAYNE DUE TO AN ALLEGED SPEEDY TRIAL VIOLATION AS THE TRIAL COURT INCORRECTLY FOUND THAT THE STATE FAILED TO EXERCISE REASONABLE DILIGENCE IN SECURING PAYNE'S PRESENCE FOR TRIAL PURSUANT TO R.C. 2945.72(A).

{¶5} In its sole assignment of error, the State argues that the trial court erred in dismissing the indictment on the basis that the State failed to exercise reasonable diligence in securing Payne's presence for trial. This Court disagrees.

{¶6} On appeal, the State argues that time for speedy trial purposes tolled from March 29, 2011, the day Payne was transferred into federal custody, until January 21, 2013, the day he was returned to Ohio. In support of this proposition, the State cites the Eighth District's decision in *State v. Howard*, 79 Ohio App.3d 705 (8th Dist.1992), where the court concluded that the defendant was unavailable for proceedings in state court from the time he was taken into federal custody until the time he was released from federal prison, thereby tolling time for speedy trial purposes pursuant to R.C. 2945.72(A). Payne counters that the State was required to take reasonable measures to secure his presence for trial within 270 days of his arrest, and further emphasizes that the trial court found that the State did nothing in this case after Payne was taken into federal custody.

{¶7} Pursuant to R.C. 2945.71(C)(2), "A person against whom a charge of felony is pending * * * "[s]hall be brought to trial within two hundred seventy days after the person's arrest." If that person is held in jail in lieu of bail, each day of custody is counted as three days. R.C. 2945.71(E). However, "[t]he 'triple count' provision applies only when the defendant is being held in jail solely on the pending charge." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-

Ohio-4478, ¶ 7, citing *State v. McDonald*, 48 Ohio St.2d 66 (1976), paragraph one of the syllabus. "Thus, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges." *Sanchez* at ¶ 7. While a person accused of a felony must generally be brought to trial within 270 days after the person's arrest, R.C. 2945.72(A) provides as follows:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by * * * [a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability[.]

{¶8} Though the parties in this case relied exclusively on the authority of R.C. 2945.71 et seq. in support of their respective positions, we are compelled to note that the General Assembly has enacted two additional statutes to ensure that those incarcerated with additional untried criminal proceedings against them can be brought to trial in a timely manner. "When a defendant is incarcerated in a state correctional institution, the provisions of R.C. 2941.401 take effect." *State v. Barrett*, 8th Dist. Cuyahoga No. 94434, 2010-Ohio-5139, ¶ 5. "According to this statute, '[w]hen a person has entered upon a term of imprisonment *in a correctional institution of this state*, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter.'" *Id*. However, in cases such as this where a defendant with outstanding charges is incarcerated in the

federal system, the provisions of R.C. 2941.401 do not apply. *Id.* at ¶ 6*,* citing *State v. Centafanti*, 120 Ohio St.3d 275, 2008-Ohio-6102.

{¶9} The process by which the State resolves outstanding charges against a prisoner of another state is set forth in the Interstate Agreement on Detainers (IAD), codified in Ohio at R.C. 2963.30. The IAD is "a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). Article I of the IAD states, "[I]t is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." R.C. 2963.30, Art. I. Article IX further states that "[t]his agreement shall be liberally construed so as to effectuate its purposes." *Id*. The term "State" for purposes of the IAD includes Ohio as well as the United States of America. R.C. 2963.30 Art. II(a); *U.S. v. Mauro*, 436 U.S. 340, 354-356 (1978) (holding that the United States is a party to the IAD). "Although Ohio has codified the IAD at R.C. 2963.30, the interpretation of the IAD presents a question of federal law, as it is a congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution." *State v. Moreland*, 9th Dist. Lorain No. 01CA007883, 2002 WL 570253 (Apr. 17, 2002), citing *Hill*, 528 U.S. at 111.

{¶10} "The [IAD] creates uniform procedures for lodging and executing a detainer, *i.e.*, a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). "A State seeking to bring charges against a prisoner in another State's custody begins the process by filing a detainer,

which is a request by the State's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent." *Hill*, 528 U.S. at 112, citing *Fex v. Michigan*, 507 U.S. 43, 44 (1993). "After a detainer has been lodged against him, a prisoner may request a final disposition of the untried indictment, information, or complaint pursuant to Article III(a) of the IAD. Upon such request, the prisoner must 'be brought to trial within one hundred eighty days, * * * provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.'" *Moreland*, *supra*, citing R.C. 2963.30, Art. III(a). The speedy trial provisions of the IAD apply only to prisoners who have entered a term of confinement, not defendants held in pretrial confinement. *Murray v. District of Columbia*, 826 F.Supp. 4, 8 (D.D.C.1993).

{¶11} In this case, Payne was arrested on March 26, 2011, and he was taken into federal custody three days later. R.C. 2945.72(A) provides for the tolling of speedy trial time when a defendant is unavailable by reason of other criminal proceedings against him, but the State is required to "exercise[] reasonable diligence to secure his availability." Though a capias was issued when Payne did not appear for his preliminary hearing in the Avon Lake Municipal Court on April 7, 2011, the State took no further action to secure his presence for trial. Payne sat in jail in Lake County on the federal charges for 243 days. When Payne was transferred to federal prison in Maryland on November 26, 2011, the State could have placed a detainer on him pursuant to the IAD. It chose not to do so. While there was evidence presented at the hearing that a deputy sheriff may have monitored the progress of Payne's federal case while he was in Lake County, there was no indication that the State attempted to reach out to the federal institution in Maryland where Payne was being held in order to secure his availability. *See State*

*v. Stowe*, 5th Dist. Delaware No. 09CAA050046, 2010-Ohio-4646, ¶ 22 (holding that the 180-day clock for the purposes of the IAD commenced "when the State knew or should have known where [the] defendant was incarcerated."). While the State cites the Eighth District's decision in *Howard* in support of its assignment of error, we find that case distinguishable in that the State placed a detainer on Howard when she failed to appear for a pretrial and subsequently took the initiative to contact the federal prison where Howard was incarcerated. Here, the State took no action in Payne's case from the time he was taken into federal custody on March 29, 2011, until July 3, 2012, and it did not formally attempt to secure Payne's presence until November 21, 2012, when it filed a writ of habeas corpus ad prosequendum. Under these circumstances, the trial court correctly concluded that Payne's speedy trial rights were violated pursuant to R.C. 2945.71(C)(2).

{¶12} The assignment of error is overruled.

III.

{¶13} The State's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

NATE N. MALEK, Attorney at Law, for Appellee.