[Cite as *State v. Tauwab*, 2015-Ohio-3751.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27736 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AMIR J. TAUWAB | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 02 0347 |

DECISION AND JOURNAL ENTRY

Dated: September 16, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, Amir Tauwab, appeals the judgment of the Summit County Court of Common Pleas convicting him of grand theft and sentencing him to six months in prison. For the reasons that follow, we affirm.

I

{¶2} On February 18, 2014, Tauwab was indicted on one count of grand theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. At a March 26, 2014 pretrial hearing, Tauwab failed to appear and the court issued a warrant for his arrest. On that date, Tauwab was in Stark County jail awaiting sentencing for an unrelated conviction in Stark County Court of Common Pleas, and subsequently, on April 25, 2014, he started serving a prison term for his conviction at Trumbull Correctional Institution ("TCI"). The trial court's docket reflects that Tauwab filed nothing with the court from March 26, 2014 until November 25, 2014 when he filed a notice of his intent to proceed pro se, a motion to revive a motion to dismiss the

indictment that was filed and struck from the record before the warrant was issued, and a motion for additional discovery.

{¶3} On December 3, 2014, Tauwab filed a motion to dismiss the matter on the basis of a speedy trial violation. Attached to the motion was an affidavit in which Tauwab avers that on April 25, 2014, he forwarded documents to TCI's warden asking to give notice of his incarceration and his availability for disposition to both the trial court and the Summit County Prosecutor's Office. Tauwab also attached these purported documents to his motion to dismiss. Some of the documents were addressed to the warden's office, others to the prosecutor's office, and the rest were directed to the trial court itself.

{¶4} On December 17, 2014, the trial court denied the motion to dismiss. In doing so, it noted that none of the documents attached to the motion were time-stamped and that the trial court had not received any of the documents that were addressed to it. The trial court also noted that the Summit County Prosecutor's Office indicated it had not received any of the documents addressed to it. Based on these facts, the trial court concluded that Tauwab could not obtain a dismissal on speedy trial grounds since he failed to comply with R.C. 2941.401.

{¶5} On December 29, 2014, Tauwab filed a motion to reconsider the previous denial of his speedy trial motion. And, at the final pretrial, Tauwab again made an oral motion to dismiss due to a speedy trial violation. The State subsequently filed a supplemental response in opposition to Tauwab's motion that had two affidavits attached to it.

{¶6} The first affidavit was executed by Carolyn Young, the Assistant Chief for the Bureau of Records Management with the Ohio Department of Rehabilitation and Correction ("DRC"). She averred that DRC received an indication that there was an outstanding warrant for Tauwab on May 1, 2014 and that the department sent notice of the warrant to Tauwab six days

later. But, after sending notice, DRC never received a communication from Tauwab regarding his desire to invoke his speedy trial rights. Ms. Young also averred that she reviewed the documents attached to Tauwab's initial motion to dismiss for a speedy trial violation and she had never seen or processed them before the day of her review. The second affidavit was executed by Julie Loomis, an assistant in the TCI Warden's office. She attested that whenever documents are received in the office, they are immediately scanned into a central DRC records system. Members of the office performed a review of the records and the office's emails and were unable to locate any of the documents attached to Tauwab's motion to dismiss.

{¶7} On March 16, 2015, the trial court issued a judgment again denying Tauwab's motion to dismiss for a speedy trial violation. It specifically found that Tauwab did not comply with R.C. 2941.401 since the warden's office never received documents from him regarding his speedy trial rights, which meant that the necessary statutory notices were never sent to the trial court or the prosecutor's office. On the same day of this denial, the matter proceeded to jury trial. But, before the jury rendered a verdict, Tauwab decided to plead no contest to the charge pursuant to a plea agreement. The trial court subsequently accepted the change of plea and sentenced Tauwab to a six-month prison term that was ordered to run consecutively to his sentence for the Stark County conviction.

{¶8} Tauwab filed this timely appeal, presenting a single assignment of error for our review.

II

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO OHIO REVISED CODE, § 2941.401.

{¶9} In his sole assignment of error, Tauwab argues that the trial court should have granted his motion to dismiss the indictment on the basis of a speedy trial violation. We disagree.

{¶10} Speedy trial issues present a mixed question of fact and law. *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, ¶ 18 (11th Dist.). Accordingly, "[w]hen reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 36.

{¶11} Both the United States Constitution and the Ohio Constitution provide individuals with the right to a speedy trial. Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10. To that end, the General Assembly has enacted a variety of statutes that codify time limitations for bringing defendants to trial based on the nature of the crime charged and the circumstances of the defendant. *See State v. Broughton*, 62 Ohio St.3d 253, 256 (1991) ("Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial[.]"). " ' When a defendant is incarcerated in a state correctional institution, the provisions of R.C. 2941.401 take effect.' " *State v. Payne*, 9th Dist. Lorain No. 13CA010406, 2014-Ohio-4326, ¶ 8, quoting *State v. Barrett*, 8th Dist. Cuyahoga No. 94434, 2010-Ohio-5139, ¶ 5; *see also State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 25 ("In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all

pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term."). Indeed, R.C. 2941.401 takes effect in such situations to the exclusion of R.C. 2945.71's general provision for speedy trials. *See State v. Skorvanek*, 9th Dist. Lorain No. 08CA009400, 2010-Ohio-1079, ¶ 19 ("In fact, R.C. 2941.401 supplants the provisions of R.C. 2945.71."); *Cleveland v. Adkins*, 156 Ohio App.3d 482, 2004-Ohio-1118, ¶ 6 (8th Dist.) ("When a defendant is [imprisoned in state institution], the speedy-trial deadline for pending offenses is tolled, and the provisions of R.C. 2941.401 prevail over conflicting provisions of R.C. 2945.71."); *State v. Smith*, 140 Ohio App.3d 81, 88-89 (3d Dist.2000) (rejecting argument that R.C. 2945.71 controls speedy trial clock for a defendant imprisoned in state facility for another unrelated conviction and instead concluding that "R.C. 2945.401 controls the speedy trial rights of a defendant who is in prison"). Since it is undisputed that Tauwab was imprisoned in a state correctional facility, we must only assess his speedy trial argument in light of R.C. 2941.401.

{¶12} R.C. 2941.401 relevantly provides as follows:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prison or his counsel present, the court may grant any necessary or reasonable continuance. * * *
    The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it * * * to the prosecuting attorney and court by registered or certified mail, return receipt requested.
    The warden or superintendent having custody shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden of superintendent has knowledge, and of his right to make a request for final disposition thereof.

* * *

> If the action is not brought to trial within the time provided * * *, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

When the defendant establishes that he was not tried within 180 days of properly invoking his speedy trial rights under the statute, he has made a prima facie showing of a speedy trial violation. *State v. Munns*, 5th Dist. Richland No. 2005-CA-0065, 2006-Ohio-1852, ¶ 17.

{¶13} Tauwab argues that he properly invoked his speedy trial rights on April 25, 2014 when he purportedly gave the necessary notices to the TCI warden's office for forwarding to the trial court and Summit County prosecutor's office. But, the trial court found that the TCI warden's office did not receive the necessary statutory notices from Tauwab on April 25, 2014 as he alleged. This factual finding is supported by competent, credible evidence in the record.

{¶14} Ms. Young attested in her affidavit that DRC never received a communication from Tauwab regarding the request for a final disposition or the other required notices. According to Ms. Young's affidavit, DRC did not inform Tauwab of the outstanding warrant until May 7, 2014. The record does not include any indication to explain why Tauwab would have provided the necessary statutory notices to the warden's office 13 days before DRC's notice to him about the outstanding warrant. Ms. Loomis similarly averred in her affidavit that the TCI warden's office had no records reflecting receipt of Tauwab's purported notices dated April 25, 2014. Additionally, none of the statutory notices were time-stamped or filed with the trial court until Tauwab's December 3, 2014 motion to dismiss and the prosecutor's office asserted that it never received the documents either.

{¶15} Consequently, Tauwab did not properly invoke his speedy trial rights on April 25, 2014 and we must reject his argument for reversal. As a result, Tauwab has failed to make a

prima facie showing that his speedy trial rights were violated and we can find no reversible error in the trial court's denial of Tauwab's motion to dismiss.[1]

{¶16} Accordingly, we overrule Tauwab's sole assignment of error.

III

{¶17} Having overruled Tauwab's sole assignment of error, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

---

[1] Since Tauwab has not identified an alternative date on which he purportedly invoked his speedy trial rights under R.C. 2945.401, we need not decide whether he properly invoked his rights on a date besides April 25, 2014. Additionally, our opinion does not address, as other courts have, whether substantial compliance is all that is necessary to invoke a defendant's rights under R.C. 2945.401. *Compare State v. Moore*, 3d Dist. Union Nos. 14-14-06, 14-14-07, 14-14-08, 14-14-11, 14-14-12, 2014-Ohio-4879, ¶ 18, quoting *State v. Mourey*, 64 Ohio St.3d 482, 487 (1992); *State v. Gill*, 8th Dist. Cuyahoga No. 82742, 2004-Ohio-1245, ¶ 24. In light of the arguments raised in this matter, we need not reach that point in order to resolve Tauwab's assignment of error.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

AMIR TAUWAB, pro so, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.