[Cite as *State v. Gilbert*, 2016-Ohio-3209.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010600 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NATHON GILBERT | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR087354 |

DECISION AND JOURNAL ENTRY

Dated: May 31, 2016

WHITMORE, Judge.

{¶1} Appellant Nathon Gilbert appeals from the Lorain County Court of Common Pleas' denial of his motion to dismiss an indictment. We affirm.

I

{¶2} Mr. Gilbert was an inmate at the Marion Correctional Institute when a felony complaint was filed against him in the Avon Lake Municipal Court. A warrant was issued for his arrest.

{¶3} After learning of the complaint and warrant, Mr. Gilbert filed a notice of availability with the municipal court. The notice provided:

> You are hereby notified that Nathon Gilbert * * * is currently
> incarcerated at Marion Correction Institution * * * and is available
> for final adjudication of all indictments, information s [sic] and /or
> complaints which are or may be pending against him in your
> respective jurisdiction(s).

This NOTICE OF AVAILABILITY is given to your office(s)
pursuant to Ohio Revised Code, Section 2941.401. Certification of
custody is available upon request.

{¶4} More than a year after filing his notice of availability, Mr. Gilbert was released from prison and was arrested on the outstanding warrant. His case subsequently was transferred to the Lorain County Court of Common Pleas where he was charged with felonies.

{¶5} Mr. Gilbert filed a motion to dismiss the indictment in the common pleas court. He argued that his statutory speedy trial rights had been violated. Specifically, he argued that he had not been brought to trial within the time specified under R.C. 2941.401 after he filed the notice of availability.

{¶6} The trial court denied Mr. Gilbert's motion to dismiss after a hearing and a response by the State. Mr. Gilbert thereafter pled no contest to the indictment. He was sentenced to a three-year community control sanction.

{¶7} Mr. Gilbert now appeals the denial of his motion to dismiss. He raises one assignment of error for our review.

Assignment of Error

THE TRIAL COURT ERRED IN DENYING MR. GILBERT'S MOTION TO
DISMISS THE INDICTMENT PURSUANT TO R.C. 2941.401.

{¶8} In his assignment of error, Mr. Gilbert argues that the trial court should have dismissed the indictment against him because he substantially complied with the speedy trial notice requirements of R.C. 2941.401, but was not brought to trial within the statutory time limit. We disagree.

{¶9} "In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact." *State v. Auterbridge*, 9th Dist. Lorain No.

97CA006702, 1998 WL 103348, *1 (Feb. 25, 1998), citing *United States v. Smith*, 94 F.3d 204, 208 (6th Cir.1996) and *United States v. Clark* 83 F.3d 1350, 1352 (11th Cir.1996).

{¶10}  R.C. 2941.401 creates statutory speedy trial rights for persons incarcerated in state prison who face pending charges during the term of their incarceration.  R.C. 2941.401.  "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term."  *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 25.

{¶11}  R.C. 2941.401 sets forth the procedures required to invoke speedy trial rights. R.C. 2941.401 states:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within [180] days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *.  The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
>
> The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

{¶12}  Despite the mandatory nature of R.C. 2941.401 listing procedures that "shall" be followed, some Ohio courts have held that an inmate need only substantially comply with the

statute to trigger the 180–day time limitation. *See, e.g.*, *State v. McDonald*, 7th Dist. Mahoning Nos. 97 C.A. 146 and 97 C.A. 148, 1999 WL 476253, *4 (June 30, 1999); *State v. Burns*, 12th Dist. Clermont Nos. CA91-09-074 and CA91-09-075, 1992 WL 126257, *3 (June 8, 1992).

{¶13} One court explained that "the issue of substantial compliance comes into play where the inmate, or counsel for the inmate, acts on their own as opposed to using the procedures outlined in R.C. 2941.401." *State v. Gill*, 8th Dist. Cuyahoga No. 82742, 2004-Ohio-1245, ¶ 23 (declining to apply the substantial compliance doctrine based on the facts). The substantial compliance analysis has been employed "in those instances where [the notice and request for final disposition] actually reach a location, regardless if mailed by the inmate or institution, and a determination is required to see if they satisfy the statutory requirements." *Id.* at ¶ 24. Therefore, in some courts that recognize the concept of substantial compliance with R.C. 2941.401, an inmate who personally mails a notice of availability, rather than proceeding through the warden, and who does not provide a certificate of the warden described R.C. 2941.401, may be found to have "substantially compli[ed]" with the statute. *See, e.g., Burns* at *3.

{¶14} We disagree that substantial compliance is all that is required under R.C. 2941.401. The statute sets forth a straightforward and unambiguous procedure for an inmate to invoke his statutory speedy trial rights. This includes a specific method by which the inmate must cause his "written notice of the place of his imprisonment and a request for a final disposition" to be delivered to the court and prosecutor. R.C. 2941.401. As discussed, the statute provides:

> The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate

to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

*Id.*

{¶15} When a statute is not ambiguous, we must apply it, not interpret it. *Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969 at ¶ 13. "[O]ur task is to apply unambiguous laws and not rewrite them * * *." *Id.* at ¶ 22 (holding that R.C. 2941.401 is unambiguous and refusing to read terms into the statute that were not imposed by the legislature). Thus, where the General Assembly has explicitly directed the manner by which a prisoner must submit his request in order to trigger speedy trial rights under R.C. 2941.401, we would be remiss to read another option into the statute that does not exist. *See id.* This would include adding a provision not included by the legislature to permit the prisoner to serve the notice and request for final disposition on his own, rather than through "the warden or superintendent having custody of him." R.C. 2941.401.

{¶16} Here, it does not appear that Mr. Gilbert strictly followed the procedures in R.C. 2941.401. It appears instead that he sent the notice of availability to the Avon Lake Municipal Court on his own, rather than proceeding through the warden. Indeed, the notice of availability was signed by Mr. Gilbert, and did not contain a certificate of the warden. Accordingly, Mr. Gilbert did not preserve his speedy trial rights under R.C. 2941.401.

{¶17} Even if we assume for the sake of argument that this Court had agreed to recognize the possibility of substantial compliance with R.C. 2941.401, substantial compliance could not be achieved unless a written notice of availability is delivered to both the court and the prosecutor. *See State v. McGowan*, 9th Dist. Summit No. 19989, 2000 WL 799099, *4 (June 21, 2000). "This Court has previously stated that, before an incarcerated criminal defendant can avail himself of the terms of R.C. 2941.401, he or she must first show that written notice was

delivered to *both* the prosecuting attorney and the appropriate court." (Emphasis sic.) *Id.*, citing *State v. Turner*, 4 Ohio App.3d 305, 306 (9th Dist.1982). "Thereafter, the State has [180] days in which to bring that defendant to trial." *Id.* "However, if that defendant fails to serve written notice on both the appropriate prosecuting attorney *and* the appropriate court the State's duty under R.C. 2941.401 has not been triggered." (Emphasis sic.) *Id.*

{¶18} Although Mr. Gilbert filed his notice of availability with the municipal court, he has not presented any competent evidence that he caused the notice to be delivered to the prosecuting attorney, by certified mail or otherwise. Moreover, there is no competent evidence that the city prosecutor received Mr. Gilbert's notice. The notice contains a handwritten note that Mr. Gilbert contends is by the prosecutor and, therefore, is evidence that he sent the notice to the prosecutor. However, no foundation was laid for the note at the hearing on Mr. Gilbert's motion to dismiss, and the note was not authenticated. *See* Evid.R. 901 (requiring authentication or identification as a condition precedent to admissibility in the form of evidence sufficient to support a finding that the matter in question is what its proponent claims). There is no admission by the State that the prosecutor received the notice. Thus, there is no admissible proof on the record that the handwritten note was made by the prosecutor, or that the prosecutor ever saw Mr. Gilbert's notice of availability. Accordingly, there is no proof that Mr. Gilbert "cause[d] to be delivered to the prosecuting attorney" his notice that he wished to proceed with any untried indictments against him. R.C. 2941.401; *see State v. Iacovone*, 9th Dist. Wayne No. 96CA0060, 1997 WL 422771, *2 (July 16, 1997) (a prisoner's uncorroborated assertion that he made a request for a final disposition under R.C. 2941.401 was not sufficient to show compliance with the statute). As such, Mr. Gilbert did not comply with R.C. 2941.401, and the State's duty under R.C. 2941.401 to try him within 180 days was not triggered. *See State v. Carter*, 9th Dist. Lorain

No. 97CA006703, 1998 WL 150380, *2 (Apr. 1, 1998) (rejecting a prisoner's argument that he was not required to "strictly comply" with R.C. 2941.401, and finding that he could not avail himself of the statute's speedy trial safeguards when he did not serve both the prosecutor and the court).

{¶19} Under these circumstances, Mr. Gilbert's speedy trial rights were not violated. *See id.*; *McGowan* at *4. His sole assignment of error is overruled.

### III

{¶20} Mr. Gilbert's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶21} I concur in judgment based on this Court's analysis in *State v. Tauwab*, 9th Dist. Summit No. 27736, 2015-Ohio-3751. I agree with the majority's discussion regarding the statutory speedy trial rights created for prisoners by R.C. 2941.401. I also agree with the majority's conclusion that Gilbert failed to follow the clear requirements of the statute to invoke his right to be brought to trial.

{¶22} Because Gilbert failed to invoke his right to a speedy trial pursuant to R.C. 2941.401, he failed to make a prima facie case that his right to a speedy trial was violated. *Tauwab* at ¶ 15. I would not continue to review the merits of Gilbert's claim because he did not demonstrate that he was entitled to relief.

APPEARANCES:

PAUL A. GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.