[Cite as *State v. Williams*, 2020-Ohio-472.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

    v.

EMORY LEE WILLIAMS

    Appellee

C.A. No.     29434

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2018-11-3677

DECISION AND JOURNAL ENTRY

Dated: February 12, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, the State of Ohio, appeals an order that dismissed the charges against Appellee, Emory Lee Williams. This court reverses.

I.

{¶2}    On February 22, 2018, a complaint charging Mr. Williams with forgery was filed in the Barberton Municipal Court. Mr. Williams was incarcerated as the result of another conviction at that time. According to his recollection, Mr. Williams filled out a form entitled "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints" with the intention of making himself available for prosecution under R.C. 2941.401. That form listed Mr. Williams' place of incarceration, the case number of the charge filed against him in Barberton Municipal Court, and a request for appointed counsel. The form was signed by Mr. Williams and a witness, and it was addressed as follows:

BARBERTON MUNICIPAL COURT
PROSECUTING ATTORNEY
576 WEST PARK AVENUE
BARBERTON, OHIO 44203

Mr. Williams testified that he did not know whether the form was sent by certified mail.

{¶3}    On November 13, 2018, an indictment issued in the Summit County Court of Common Pleas charging Mr. Williams with forgery, a fifth-degree felony.  He was arraigned on March 29, 2019.  On April 30, 2019, Mr. Williams moved to dismiss the indictment, arguing that the State had failed to bring him to trial within 180 days pursuant to R.C. 2941.401.  Following a hearing on the motion, the trial court granted Mr. Williams' motion to dismiss, and the State of Ohio filed this appeal.

II.

**ASSIGNMENT OF ERROR**

> THE TRIAL COURT ERRED IN GRANTING WILLIAMS' MOTION TO DISMISS BASED ON ITS FINDING THAT WILLIAMS SERVED THE PROSECUTOR WITH WRITTEN NOTICE OF HIS AVAILABILITY AND REQUEST FOR DISPOSITION AS REQUIRED IN R.C. 2941.401.

{¶4}    The State argues that the trial court erred by granting Mr. Williams' motion to dismiss because the trial court applied a standard of substantial, rather that strict, compliance. The State argues in the alternative that even if a standard of substantial compliance is the appropriate measure, Mr. Williams did not substantially comply with the terms of R.C. 2941.401.

{¶5}    R.C. 2941.401 sets forth the timeframe within which an incarcerated defendant must be brought to trial on unrelated charges that arise during the period of incarceration once the prisoner makes a request for disposition of the new charges.  "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a

timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 25. Under R.C. 2941.401, a prisoner must "be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter[.]"

{¶6} R.C. 2941.401 sets forth specific requirements for a request for disposition. A certification from the warden or superintendent with custody over the inmate must accompany the request for disposition, and that certification must state "the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner." *Id.* The prisoner must send the request for disposition to the warden or superintendent, who must in turn "promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested." *Id.* When an inmate requests disposition as provided in R.C. 2941.401, "[i]f the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice." *Id.*

{¶7} R.C. 2941.401 is not ambiguous. *State v. Gilbert*, 9th Dist. Lorain No. 14CA010600, 2016-Ohio-3209, ¶ 14-15. *Compare Hairston* at ¶ 13-20. Consequently, this Court's role is to apply the statute as written and not to interpret it. *Gilbert* at ¶ 15. Noting "the mandatory nature of R.C. 2941.401" and the "straightforward and unambiguous procedure for an

inmate to invoke his statutory speed trial rights," this Court has rejected the argument that R.C. 2941.401 requires only substantial compliance with its terms. *Id*. at ¶ 12-14.

{¶8}   In *Gilbert*, the incarcerated defendant sent a purported notice under R.C. 2941.401 directly to the recipients instead of sending it through the warden or superintendent, and the notice itself did not contain a certificate of the warden or superintendent. *Id.* at ¶ 16. This Court concluded that because strict compliance with the terms of R.C. 2941.401 is required, the defendant did not preserve his speedy trial rights. *Id.* at ¶ 14, 16. That conclusion, standing alone, resolved the appeal, but this Court went on to address the issue of substantial compliance, having observed that "[d]espite the mandatory nature of R.C. 2941.401 listing procedures that 'shall' be followed, some Ohio courts have held that an inmate need only substantially comply with the statute to trigger the 180-day time limitation." *Id*. at ¶ 12. In doing so, this Court "assume[d] for the sake of argument" that substantial compliance was the appropriate standard and noted that the defendant in *Gilbert* would not prevail even in that case. *Id*. at ¶ 17-18.

{¶9}   It appears that this dicta was a source of confusion in this case. The trial court recognized that "In Ohio some courts have held that an inmate need only substantially comply" with R.C. 2941.401 and cited *Gilbert* for this Court's description of the circumstances in which other courts have done so. The trial court recognized that this Court has disagreed with application of substantial compliance in this context, then noted that our decision in *Gilbert* "included in its reasoning, that even if it were to apply the substantial compliance analysis, since Defendant did not deliver the notice to both the court and prosecutor, the State's duty under R.C. 2941.[]401 was not triggered." This Court did not reach this conclusion as part of our "reasoning" in connection with the disposition of *Gilbert*, however: as described above, we held

that R.C. 2941.401 required strict compliance, and the defendant in that case did not strictly comply with its requirements. *Gilbert* at ¶ 14, 16.

{¶10} The trial court in this case, however, applied the dicta in *Gilbert* instead of the holding. Specifically, the trial court's analysis hinged upon whether Mr. Williams *substantially* complied with R.C. 2941.401 by "serv[ing] written notice to both the appropriate prosecuting attorney as well as the appropriate court[.]" Having determined that Mr. Williams did so, the trial court concluded that his notice was "sufficient per the Ninth District's reasoning in *Gilbert*[]" to comply with R.C. 2941.401. This is incorrect because *Gilbert* unequivocally requires strict compliance with the terms of R.C. 2941.401 and did not in any manner approve application of a lesser standard.

{¶11} Accordingly, this Court agrees that the trial court erred in this case by failing to analyze Mr. Williams' motion to dismiss under a standard of strict compliance with the terms of R.C. 2941.401. This Court declines to do so in the first instance, so this matter must be remanded so that the trial court can apply the correct standard.

{¶12} The State's assignment of error is sustained.

III.

{¶13} The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellant.

ALAN M. MEDVICK, Attorney at Law, for Appellee.