[Cite as *State v. Williams*, 2021-Ohio-4469.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

    v.

TYLER WILLIAMS

    Appellee

C.A. No.    20CA011703

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CR099549

DECISION AND JOURNAL ENTRY

Dated: December 20, 2021

CARR, Judge.

{¶1}　Appellant, the State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas granting the motion to dismiss on speedy trial grounds filed by Appellee, Tyler Williams.　This Court reverses and remands.

I.

{¶2}　On October 25, 2018, the Lorain County Grand Jury indicted Williams on one count of aggravated robbery and two additional counts of robbery in Case No. 18CR099549.　A warrant for Williams' arrest was issued at that time.

{¶3}　In February 2019, Williams was sentenced to three years in prison in a separate case in Cuyahoga County.　On March 7, 2019, Williams was transported from the Cuyahoga County Jail to the Lorain Correctional Institution (LCI).　Upon his arrival at LCI, Williams was notified of the charges pending in Lorain County.　Williams sought the assistance of the facility's law library to complete a written notice and request for final disposition pursuant to R.C.

2941.401. Williams repeated this process several times when he did not receive a response. Williams was ultimately transferred to a different facility.

{¶4} Williams was arrested not long after being released from prison. On September 10, 2020, Williams was arraigned in Case. No. 18CR099549, at which time he entered pleas of not guilty. Williams subsequently filed a motion to dismiss the indictment on speedy trial grounds. The crux of Williams' argument was that he had strictly complied with R.C. 2941.401 by sending his written notice to the warden and that it was the warden who had failed to deliver the notice to the prosecuting attorney and the appropriate court. The State filed a brief in opposition to the motion and Williams replied thereto. The matter proceeded to a hearing. The trial court ultimately issued a journal entry granting the motion to dismiss.

{¶5} On appeal, the State raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT GRANTED WILLIAMS' MOTION TO DISMISS THE INDICTMENT ON SPEEDY TRIAL GROUNDS WHERE HE DID NOT STRICTLY COMPLY WITH THE TERMS OF R.C. 2941.401.

{¶6} In its sole assignment of error, the State maintains that the trial court erred in granting Williams' motion to dismiss on speedy trial grounds because he failed to strictly comply with R.C. 2941.401. This Court agrees.

Background

{¶7} In his motion, Williams argued that he strictly complied with R.C. 2941.401 when he completed his written notice and request for final disposition and sent it to the warden at LCI. Williams attached several exhibits to this motion, including a letter from the records office at the Ohio Department of Rehabilitation and Correction addressed to the Lorain County Sheriff's

Office, dated March 7, 2019, requesting a copy of the warrant for Williams so that it could assist in placing a valid detainer. The letter stated that Williams "ha[d] expressed an interest in disposing of these charges while incarcerated, and will be offered the opportunity to file for a Quick and Speedy Trial if the charges are for an untried indictment."

{¶8} The trial court held a two-day hearing on the motion via Zoom.[1] Williams argued that when he learned about the pending indictment upon his arrival at LCI, he worked with corrections officers to complete a written notice and request for final disposition and that he promptly sent it to the warden. Williams pointed to a number of cases in support of the proposition that this course of action constituted strict compliance with R.C. 2941.401. In response, the State disputed Williams' claim that he had taken the necessary steps to deliver his written notice of availability to the warden. Furthermore, relying on this Court's decision in *State v. McGowan*, 9th Dist. Summit No. 19989, 2000 WL 799099 (June 21, 2000), the State suggested that merely sending written notice to the warden did not start the speedy trial clock pursuant to R.C. 2941.401.

{¶9} Williams testified as follows.[2] On March 7, 2019, Williams was transported from the Cuyahoga County Jail to LCI. Not more than 30 minutes after being placed in his cell, Williams was informed that there was an outstanding warrant for his arrest stemming from the charges in Lorain County. When Williams inquired as to what he could do about the warrant, a corrections officer informed him to go to the law library to complete a written notice and request for final disposition. Williams went to the law library where he completed the written notice and

---

[1] Both parties consented to conducting the hearing via Zoom due to the COVID-19 pandemic.
[2] After hearing oral arguments on the first day of the hearing, the trial court extended the hearing to a second day in order to permit Williams to testify regarding the measures he took to direct his written notice to the warden.

addressed it to the warden. Williams explained that when he did not hear anything within a week, he completed the process a second time. Williams repeated the process a third time about a month later. Williams was eventually transferred to the Richland Correctional Institution ("RCI"). On cross-examination, Williams indicated that both a corrections officer in the law library and the language on the forms directed him to address the written notice to the warden so that the warden could send the notice to the appropriate parties. After completing the form, Williams placed it in the direct mailbox to go to the warden. Although Williams acknowledged that he did not have copies of the notices he completed, he suggested that he attempted to seek updates about the situation after being transferred to RCI.

{¶10} The trial court subsequently issued a journal entry granting Williams' motion to dismiss. The trial court found that Williams strictly complied with R.C. 2941.401 when he provided his written notice to the warden and that the burden then shifted to the warden, and thereby the State, to complete the process. The trial court concluded that because the State failed to bring Williams to trial within 180 days of the date that he strictly complied with R.C. 2941.401, it was required to dismiss the indictment on speedy trial grounds.

Discussion

{¶11} The State raises two arguments in support of its position that the trial court erred in concluding that Williams took the necessary measures to start the speedy trial clock pursuant to R.C. 2941.401. First, the State maintains that Williams provided no evidence that he actually sent written notice to the warden, other than his uncorroborated assertion that he did so. Second, the State argues that even if Williams did send notice to the warden, that alone did not constitute strict compliance with R.C. 2941.401 because the statute requires a defendant to show that written notice was delivered to both the prosecutor attorney and the appropriate court. The State

asserts that the trial court's conclusion to the contrary ran afoul of this Court's decision in *McGowan*, 2000 WL 799099.[3]

{¶12} When this Court reviews a trial court's order ruling on a motion to dismiss based on speedy trial grounds, this Court applies a de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact. *State v. Miller*, 9th Dist. No. 07CA0037-M, 2008-Ohio-1002, ¶ 6.

{¶13} R.C. 2941.401 states as follows:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

* * *

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

* * *.

---

[3] The State suggests that the trial court erred in relying on the Eighth District's decision in *State v. Gill*, 8th Dist. Cuyahoga No. 82742, 2004-Ohio-1245.

{¶14} "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 25. This Court has held that strict compliance with the statute is required in order for a defendant to start the speedy trial clock. *State v. Williams*, 9th Dist. Summit No. 29434, 2020-Ohio-472, ¶ 10-11.

{¶15} In *Williams*, this Court highlighted the "specific requirements" set forth in R.C. 2941.401. *Williams* at ¶ 6. R.C. 2941.401 sets forth a "straightforward and unambiguous procedure for an inmate to invoke his statutory speedy trial rights[.]" *Williams* at ¶ 7, quoting *State v. Gilbert*, 9th Dist. Lorain No. 14CA010600, 2016-Ohio-3209, ¶ 14. "A certification from the warden or superintendent with custody over the inmate must accompany the request for disposition, and that certification must state 'the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.'" *Williams* at ¶ 6, quoting R.C. 2941.401. "The prisoner must send the request for disposition to the warden or superintendent, who must in turn 'promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.'" *Williams* at ¶ 6, quoting R.C. 2941.401.

{¶16} The State's initial contention that Williams failed to demonstrate that he sent written notice to the warden is without merit. The State points to this Court's decision in *State v. Iacovone*, 9th Dist. Wayne No. 96CA0060, 1997 WL 422771, *2 (July 16, 1997), in support of its position that, when a defendant fails to produce a copy of his written notice, he cannot simply rely on his "own uncorroborated assertion" to prove that he sent written notice to the warden.

The instant case involves more than uncorroborated assertions. Williams gave detailed testimony at the hearing regarding the process by which he completed his written notice and sent it to the warden through direct mail at LCI. Williams repeated this process on two additional occasions. The trial court determined that this testimony was credible when it "[found] that he did indeed file the appropriate paperwork with the warden." Williams also produced a letter from the Ohio Department of Rehabilitation and Correction's record office which supported the conclusion that Williams had filed his written notice. Under these circumstances, we cannot say that the trial court's finding that Williams sent written notice to the warden was clearly erroneous.

{¶17} The State's argument that Williams failed to strictly comply with R.C. 2941.401 is well taken. In *McGowan*, this Court held that in order to start the speedy trial clock pursuant to R.C. 2941.401, a prisoner "must first show that written notice was delivered to *both* the prosecuting attorney and the appropriate court[.]" *McGowan*, 2000 WL 799099, at *4. (Emphasis in original.) "[I]f that defendant fails to serve written notice on both the appropriate prosecuting attorney and the appropriate court, the State's duty under R.C. 2941.401 has not been triggered." (Emphasis omitted.) *Id*. The record in this case is devoid of evidence that Williams' written notice was delivered to the prosecuting attorney and the appropriate court. Because the written notice was not delivered to the prosecuting attorney and the appropriate court, the speedy trial clock never started for the purposes of R.C. 2941.401, and thus the trial court erred in denying Williams' motion to dismiss.

{¶18} The State's assignment of error is sustained.

III.

{¶19} The State's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CONCURS.

CALLAHAN, J.
DISSENTING.

{¶20} This Court recently reiterated that the terms of R.C. 2941.401 are unambiguous. *State v. Williams*, 9th Dist. Summit No. 29434, 2020-Ohio-472, ¶ 7, citing *State v. Gilbert*, 9th Dist. Lorain No. 14CA010600, 2016-Ohio-3209, ¶ 14-15. The plain terms of the statute require a defendant to "cause[] to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter." But the plain terms of R.C. 2941.401 also place responsibility on the warden of the correctional institution, upon whom the statute places ultimate responsibility for sending the notice: "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, *who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court* by registered or certified mail, return receipt requested." (Emphasis added.) R.C. 2941.401.

{¶21} In light of the unambiguous language of the statute, I conclude that in a case such as this, when the trial court finds credible evidence that the prisoner fulfilled the obligations imposed by R.C. 2941.401, failure of the warden to cause notice to be sent should not be attributed to the prisoner. *See State v. Gill*, 8th Dist. Cuyahoga No. 82742, 2004-Ohio-1245, ¶ 14-17.

{¶22} I respectfully dissent.

APPEARANCES:

J. D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellant.

ROBERT H. WILLIAMS, Attorney at Law, for Appellee.